UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DREW A. SWANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-4001 |
| | ) | |
| LOUIS GLOSSIP, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that jail officials contracted with a private company to provide commissary services, overcharged him for telephone calls and commissary items, and charged him a "housing fee" in violation of state law. Plaintiff also alleges that unidentified officials have violated his right to a speedy trial in his underlying state criminal case.

Jail officials' failure to follow state law or jail regulations does not violate Plaintiff's constitutional rights. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A]

violation of state law is not a ground for a federal civil rights suit."); *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020) ("[A] violation of a jail policy is not a constitutional violation enforceable under 28 U.S.C. § 1983."). Plaintiff's allegations do not otherwise permit a plausible inference that he suffered the deprivation necessary to support a constitutional claim. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

To the extent that Plaintiff alleges constitutional violations in his underlying state court case, *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from or dismiss claims where federal litigation would interfere with ongoing state criminal proceedings. *Id.* at 44; *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). If Plaintiff has already been convicted or is otherwise challenging his confinement, habeas corpus is his exclusive remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court finds that Plaintiff fails to state a constitutional claim.

Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's petition to proceed in forma pauperis [3] is denied as moot given Plaintiff's recent release from custody. Plaintiff shall, within 30 days of this Order, file a renewed petition to proceed in forma pauperis. Failure to do so will result in dismissal of this case, and Plaintiff will still be responsible for the $402.00 filing fee.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 17th day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
